UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRED REEVES,

                Plaintiff,                              Hon. Richard Alan Enslen

v.                                                   Case No. 5:04 CV 146

JIM JOLLY, et al.,

                Defendants.

_____/


**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendants Huizing's, Wood's, Hall's, Jensen's, Mygrants', Smith's, Bledsoe's, Goodson's, Huss', Mackey's, Sweet's, and Vroman's Rule 56(b) Motion for Summary Judgment, (dkt. #42), and Defendant Greenfield's Motion for Summary Judgment, (dkt. #76).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that both motions be **granted** and Plaintiff's action **dismissed**.


**BACKGROUND**

        Plaintiff has a demonstrated history of abusing the legal process.  *See, e.g., Reeves v. Smith, et al.*, Opinion, 4:03-cv-50 (W.D. Mich., Mar. 31, 2004).  In response to Plaintiff's abusive legal tactics, the Honorable Robert Holmes Bell, Chief Judge, issued an injunction against Plaintiff on March 31, 2004, which provides as follows:

                IT IS FURTHER ORDERED that an injunction is issued against plaintiff
                with regard to all future lawsuits filed in this court (or initially filed in the
                United States District Court for the Eastern District of Michigan and

transferred to this court) requiring plaintiff, upon pain of dismissal: (1) to utilize the court-approved form for prisoner civil rights complaints and complete all sections of that form; (2) to limit any supplement to the complaint form to no more than three single-sided sheets of paper containing legibly written factual allegations; (3) to limit his complaint to claims arising out of a common nucleus of fact; (4) to attach to his complaint only those exhibits necessary to demonstrate exhaustion of the claims asserted in the complaint against each named defendant and not exhibits relating to the merits of the claim; and (5) to preclude plaintiff from supplementing or amending his complaint in any future case without having first obtained leave of court, with a brief in support of any application for leave to amend showing that each proposed claim is exhausted as to each defendant and detailing how the proposed amendment arises out of the same nucleus of fact, why leave should be granted to add claims and/or parties, and plaintiff must attach to his brief a copy of the proposed amended complaint.

*Reeves v. Smith, et al.*, Judgment and Injunction, 4:03-cv-50 (W.D. Mich., Mar. 31, 2004).

Plaintiff initiated the present action on September 13, 2004, against forty-one (41) individuals.  In his complaint, Plaintiff alleges that between March 1, 2002, and the filing of his complaint Defendants engaged in a coordinated effort to deprive him of his meals. On October 21, 2004, the Honorable Richard Alan Enslen issued an Opinion and Partial Judgment in this matter, dismissing the lion's share of Plaintiff's complaint.  (Dkt. #4).  In so ruling, the Court observed that "[d]espite the breadth of his allegations, Plaintiff specifically complains only about six specific times in 2004 when he was denied his food tray."  *Id.*  Specifically, only the following claims are presently before the Court:

I.      Plaintiff claims that on February 7, 2004, Defendants Hall and Bledsoe refused to give him a food tray.  Plaintiff asserts that he complained to Defendants Smith, Huss, Gilman, Goodson, Vroman, and Mackey about his alleged food deprivations.

II.     Plaintiff asserts that on February 14, 2004, Defendants Tkack and Greenfield opened the window to his cell and stated, "you got nothing coming."

III.    Plaintiff claims that on February 15, 2004, Defendants
        Huizing and Greenfield refused to provide him with a
        food tray.  According to Plaintiff, when he requested a
        food tray Defendants told him to "eat shit and die."

IV.     Plaintiff claims that on February 16, 2004, Defendants
        Huizing and Greenfield refused to give him a food tray.
        Plaintiff complained to Defendant Grider, who allegedly
        told Plaintiff to "starve to death."

V.      Plaintiff asserts that on February 21, 2004, Defendants
        Huizing and Mygrant refused to give Plaintiff a food tray.
        Plaintiff further claims that Defendant Huizing stated,
        "You will never eat while I am working. That's why you
        were placed into this cell. You're going to die just like
        Cataya."[1]

VI.     Plaintiff claims that on March 18, 2004, Defendant Jensen
        opened the window to his cell and stated, "Guess who
        will not be eating today."  When Jensen later delivered
        breakfast trays, he allegedly told Plaintiff, "The answer is
        'you.' You won't be eating today you fat black ass slob."

        According to Plaintiff, Jensen later returned to his cell,
        stating, "I had a wonderful breakfast fat Freddie, yours.
        You will die in that cell just like that [C]uban bitch."
        Defendant Sweet allegedly agreed stating, "That's right
        nigger you got nothing coming."

        According to Plaintiff, he informed Defendant Wood that
        he needed to eat so that he could take his medications.
        Wood allegedly refused to request a food tray, after which
        Plaintiff became ill.  In response, Wood allegedly stated,
        "I do not give a fuck if your black ass die."

        The Court directed that Plaintiff's complaint be served on fifteen (15) of the forty-one

(41) individuals named in Plaintiff's complaint.  (Dkt. #5).  The thirteen (13) Defendants on whom

service has been effected, Huizing, Wood, Hall, Jensen, Mygrants, Smith, Bledsoe, Goodson, Huss,

---

[1]  According to Plaintiff, Cataya was a prisoner who died of starvation in 2002.

Mackey, Sweet, Vroman, and Greenfield, have moved for summary judgment.  As detailed below, the Court recommends that Defendants' motions be granted.  As for the two remaining Defendants on whom service has not been effected, for the reasons discussed below, the Court recommends that Plaintiff's claims against said Defendants be dismissed without prejudice for failure to timely effect service.

## STANDARD

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits.  *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994).  The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 174, 178 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion."  *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 178; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996).  The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine

issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, recent Supreme Court decisions have encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

### I.        Defendants' Motions for Summary Judgment

In support of their motions for summary judgment, Defendants have presented a significant amount of evidence. Defendants have each executed affidavits refuting every one of Plaintiff's allegations. (Dkt. #51-55, 57-63, 79). Defendants have presented evidence that on five of the six dates in question, Plaintiff *refused* food trays offered to him by staff. (Dkt. #54, Exhibit 1). Finally, Defendants have submitted medical evidence refuting Plaintiff's assertion of extreme weight loss and physical impairment resulting from the alleged denial of food. (Dkt. #77, Exhibit 4). Specifically, Plaintiff's medical records reveal the following regarding Plaintiff's weight:

| DATE | WEIGHT |
|------|--------|
| 1. January 8, 2004 | 252 pounds |
| 2. May 10, 2004 | 249 pounds |
| 3. June 10, 2004 | 250 pounds |
| 4. July 2004 | 249 pounds |
| 5. August 6, 2004 | 249 pounds[2] |

(Dkt. #77, Exhibit N).

In response to the evidence submitted by Defendants, Plaintiff has submitted absolutely no evidence supporting his claims. While Plaintiff has submitted the affidavits of three prisoners, none of these affidavits support any of the claims presently before the Court. (Dkt. #70, 72, 81). Marcus Poole-X asserts that he witnessed certain defendants refusing to provide Plaintiff with food, but has failed to indicate the date(s) on which such refusals allegedly occurred. (Dkt. #70). Calvin Harris-DeBardelaben asserts that Plaintiff was denied meals in October and/or November 2003. (Dkt. #72). Joshua Brooks-El asserts that Plaintiff was denied meals, but acknowledges that he "don't remember specific dates" on which this allegedly occurred. (Dkt. #81). While Plaintiff has submitted his own affidavit, it was executed on July 19, 2002, almost two years before the alleged incidents presently at issue. (Dkt. #74). Plaintiff has also submitted numerous irrelevant documents which do not in any way address or impact the claims presently before the Court. *Id.*

In sum, in response to Defendants' various evidentiary submissions Plaintiff has opted to rely on unsubstantiated allegations. As previously noted, such is insufficient to defeat a motion for summary judgment. Accordingly, the Court recommends that Defendants' motion for summary judgment be granted.

---

[2] The Court notes that the treatment records regarding this particular examination, conducted at the cardiovascular clinic, identified Plaintiff's "last weight" as 280 pounds. The treatment records do not indicate the date to which this comment refers, however, it appears that this observation relates to Plaintiff's previous examination *at the cardiovascular clinic* (the date of which is unknown) rather than Plaintiff's last general examination, which reveals that Plaintiff's "last weight" was actually 249 pounds.

## II.        Plaintiff's Remaining Claims Against Defendants Tkack and Gilman

Plaintiff initiated the present action on September 13, 2004.  On October 21, 2004, the Court directed that Plaintiff's complaint be served on fifteen Defendants.  Service was subsequently effected on thirteen Defendants.  The attempt to serve Defendants Tkack and Gilman, however, was unsuccessful.  (Dkt. #18, 65).  Defendants Tkack and Gilman have still not been served in this matter and Plaintiff has never requested the Court's assistance in effecting service on these Defendants.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint."  The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant."  If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

Considering Plaintiff's lack of diligence in this matter, as well as the lack of merit in the claims asserted, the Court recommends that Plaintiff's claims against Defendants Tkack and Gilman be dismissed without prejudice for failure to timely effect service.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that Defendants Huizing's, Wood's, Hall's, Jensen's, Mygrants', Smith's, Bledsoe's, Goodson's, Huss', Mackey's, Sweet's, and Vroman's Rule 56(b) Motion for Summary Judgment, (dkt. #42), be **granted** and Defendant Greenfield's Motion for Summary Judgment, (dkt. #76), be **granted**. The Court further recommends that Plaintiff's claims against Defendants Tkack and Gilman be **dismissed** for Plaintiff's failure to timely effect service and that Plaintiff's action, therefore, be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  August 1, 2005

　/s/ Ellen S. Carmody　　　　　　　
ELLEN S. CARMODY
United States Magistrate Judge